Ellen Collene **DOUGLAS** et vir, Appellants,

v.

**HARTFORD ACCIDENT & INDEMNITY COMPANY,** Appellee.

No. 4133.

Court of Civil Appeals of Texas.

Waco.

May 2, 1963.

Rehearing Denied May 16, 1963.

Davis, Phelps, Liles, Norton & Gray, Will Gray, Houston, for appellants.

Butler, Binion, Rice & Cook, John L. McConn, Jr., Houston, for appellee.

WILSON, Justice.

Appellant appeals from judgment on a jury verdict awarding workmen's compensation for 74 weeks of partial incapacity, the jury having found no total incapacity. His points are that the findings are contrary to the overwhelming preponderance of the evidence, and they are not supported by the evidence.

The chief contention is that since it is undisputed that appellant sustained an injury by lifting a tray of dishes on the date the jury found partial incapacity began, and since it is undisputed she was hospitalized in pelvic traction during the succeeding ten days, she was totally incapacitated at least for that period; and the jury was not authorized to find otherwise.

There was evidence to show appellant was sent to the hospital by a physician who had treated her for many years; that prior injuries and unrelated physical conditions had required his treatment of her for back pain such as she complained of on the trial, and for which he had previously prescribed

traction. There was evidence from which the jury was authorized to believe that the injury made the basis for the present action was not the consideration upon which the doctor prescribed traction thereafter, although the jury found her prior injuries and condition were not the sole cause of her partial incapacity. There were no objections to the charge which included in the definition of total incapacity the element of ability to procure and retain employment; and the total incapacity issue included the element of producing cause. Under the evidence presented the jury was not required to find any period of total incapacity. Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345, syl. 3.

There was evidence which would have authorized the jury to find a greater extent and duration of incapacity; there was evidence which would have supported lesser findings.

We have examined appellants' other points with the entire record, and the points are overruled.

Affirmed.